NO. 07-07-0405-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 6, 2009
_____

LEE OLIVER BROUSSARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 43230; HONORABLE LAYNE WALKER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Lee Oliver Broussard appeals from an order denying post-conviction DNA testing. Appellant's attorney has filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support its appeal, we affirm the trial court's order.

In August 1983, appellant was convicted by jury of sexual assault and sentenced to 45 years of confinement. Thereafter, in 2006, appellant requested post-conviction DNA testing. On August 1, 2007, the court denied appellant's request based on a report and accompanying affidavit from the Jefferson County Criminal District Attorney's Office, a letter from the Beaumont Police Department, and a memorandum from the Jefferson County Sheriff's Department Regional Crime Laboratory.[1] The court found that these documents reflected no biological evidence was in the possession of the State of Texas or the Court and accordingly, DNA testing was impossible. Appellant timely filed his notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the basis for appellant's request for post-conviction DNA testing. Counsel discusses the applicable law and sets forth the reasons there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his

---

[1] The trial court did not conduct a hearing before reaching its conclusion no biological evidence exists, but no hearing is required. Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon 2006); *Bright v. State,* No. 07-04-0586-CR, 2005 WL 2090657 (Tex.App.–Amarillo August 30, 2005, no pet.). Counsel for appellant states in his brief that he was unable to find any evidence to controvert the response of the State, and unable to locate any vestiges of evidence that could yield DNA testing.

right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response. The State has filed a brief stating that counsel for the State has examined the record, and agrees with appellant's counsel's conclusion.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel discusses the requisite elements that must be met for the court to order DNA testing. We agree with counsel that appellant must first show evidence exists that can be subjected to DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon 2006) (a court may order post-conviction forensic DNA testing only if it finds, inter alia, that the evidence sought to be tested still exists); *Baranowski v. State,* 176 S.W.3d 671 (Tex.App.–Texarkana 2005, pet. ref'd); *Johnston v. State,* 99 S.W.3d 698 (Tex.App.–Texarkana 2003, pet. ref'd) (request for DNA testing properly denied when evidence not found to still exist in a condition making DNA testing possible, or that it has been subjected to a chain of custody sufficient to establish it has not been

substituted, tampered with, replaced, or altered in any material respect). Nothing in the record points to the existence, at this time, of any such evidence.

Counsel also notes a second potential issue regarding the effectiveness of appellant's trial counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record before us contains no support for a challenge to the effectiveness of appellant's trial counsel.

We have made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal from the denial of post-conviction forensic DNA testing. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the order of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.